IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WASHINGTON, JR., #366894, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-2083-M (BK) | |
| § | (consolidated with | |
| ERICA SURPREANT, et al., § | 3:10-CV-2084-M, and | |
| Defendants. § | 3:10-CV-2086-M) | |

SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Court's order filed on December 16, 2010, this consolidated case was re-referred for further consideration in light of Plaintiff's objection filed December 2, 2010.

## I. PROCEDURAL HISTORY DISCUSSION

Plaintiff, a *pro se* state prisoner, filed three, largely undecipherable complaints seeking among other matters release from confinement and restoration of good and work time credits. The Magistrate Judge recommended that the case be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g), and the sanction order issued by the United States District Court for the Western District of Texas in *Washington v. Green*, 5:96-CV-77 (W.D.Texas, Waco Div., April 9, 1996), appeal dismissed for want of jurisdiction, No. 96-50452 (5th Cir. Aug. 6, 1996). In his objection, styled "Motive to Proceed Form of Profit," Plaintiff asserts for the first time that Lt. Plano harassed, threatened, and attacked him on unspecified dates. (Doc. #6.)

## II. DISCUSSION

Because Plaintiff has accumulated three "strikes," section 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he filed the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (determination of whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed *in forma pauperis*).

Even when liberally construed, Plaintiff's general, conclusory assertion that Lt. Plano harassed, threatened, and attacked him on unspecified dates fails to establish that, when Plaintiff filed the consolidated complaints in this case, he was in "imminent danger of serious physical injury." Plaintiff does not identify the dates of any of the alleged threats and attacks by Lt. Plano. Nor does he explain what, if anything, he experienced at the time of filing the consolidated complaints that caused him to believe he was in "imminent danger of serious physical injury." Regardless of the dates and reasons for the alleged threats and assaults, none of the incidents appears related to the confinement and time-credit claims pled in the consolidated complaints. *See Moxley v. Keeton*, 2005 WL 1489925, at *2 (N.D. Tex. 2005) (No. 3:05-CV-0713-R), *recommendation accepted*, 2005 WL 1862187 (N.D. Tex. 2005) (dismissing case as barred by three-strike provision because allegations of imminent danger were wholly unrelated to claims pled in complaint).

Moreover, Plaintiff has had three other opportunities in which he could have elaborated his imminent danger claims, but failed to do so. In this regard, the Court takes judicial notice of three recent civil rights actions in which Plaintiff complained of similar threats and assaults by

officers at his prison unit. *See Washington v. Plantl, et al.*, 3:10-CV-2330-L-BK (N.D. Tex. 2010) (magistrate judge's recommendation to dismiss case because of Western District sanction order and three strike bar pending before district court); *Washington v. Sims and Plentyl*, 3:10-CV-2332-N-BF (N.D. Tex. 2010) (same). *See also Washington v. Sims, et al.*, 3:10-CV-2329-B-BK (N.D. Tex. Dec. 14, 2010) (accepting magistrate judge's recommendation and dismissing case as barred by the Western District sanction order and three-strike provision).[1]

Having failed to make a sufficient showing of imminent danger of serious physical injury at the time of filing the consolidated complaints, Plaintiff cannot proceed in this action without prepayment of fees under section 1915(g). In addition, Plaintiff has failed to seek leave of court to file the consolidated complaints as required by the Western District Sanction order.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g), and the sanction order in *Washington v. Green*, 5:96-CV-77 (W.D.Texas, Waco Div., April 9, 1996). The section 1915(g) dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee. Should Plaintiff elect to pay the filing fee and refile his case, he should be aware that in addition to the payment of the fee, he must also show that he has fully complied with all of the

---

[1] It is unclear from the pleadings in this case whether Lt. Plano, Plentyl or Plantl are possibly the same person.

sanctions imposed upon him. Any attempt to refile this lawsuit without satisfying these conditions could result in the dismissal of the refiled lawsuit as well as the imposition of additional sanctions, monetary or otherwise.

SIGNED December 17, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4